IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:00cr173-ID |
| | ) | |
| JESHALDRIC GRANDISON | ) | |

**O R D E R**

Before the court are Defendant Jeshaldric Grandison's motions requesting jail credit against his federal sentence. (Doc. Nos. 54, 57.) For the reasons to follow, the motions are due to be denied.

On February 23, 2000, while Defendant was serving an unrelated sentence in the state penitentiary, federal authorities assumed custody of Defendant via a writ of *habeas corpus ad prosequendum* so that Defendant could appear in this court to answer the charge in the petition for revocation of supervised release. (See Doc. Nos. 43-45.) Subsequently, on April 25, 2006, Defendant pleaded guilty to the charge in the petition, and the court sentenced Defendant to six months imprisonment "to be served consecutively" to his state sentence. (Doc. Nos. 52-53.) Subsequently, Defendant was returned to state custody to complete service of his state sentence.

The court understands Defendant's position to be that he is entitled to eighty days credit on the six-month sentence imposed by this court for the time he spent in federal custody on the writ. The court disagrees.

Pursuant to 18 U.S.C. § 3585(b), a defendant is entitled to receive credit toward the service of a term of imprisonment where, before the sentence commences, he has spent time in official detention "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," so long as that time *"has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added). The last clause of § 3585(b) prohibits a defendant from receiving credit on his federal sentence for time that has been credited against his prior state sentence and, thus, prevents a defendant from receiving "'double credit.'" Rios v. Wiley, 201 F.3d 257, 272 (3rd Cir. 2000).[1]

While in federal custody on the writ, Defendant remained under the primary jurisdiction of the State of Alabama, and his state sentence continued to run. Because Defendant received credit toward his state sentence for the time he served in federal custody on the writ, Defendant cannot benefit from 18 U.S.C. § 3585(b). Moreover, to the extent that Defendant seeks credit for time spent in federal custody on the writ after the imposition of his six-month sentence imposed by this court, the judgment of conviction forecloses this possibility. The judgment provides that Defendant's federal sentence shall be "served *consecutively*" to Defendant's state sentence. (Doc. No. 53) (emphasis added).)

---

[1] The court notes that a portion of the Rios opinion, not relied upon herein, has been superseded by statute. See United States v. Saintville, 218 F.3d 246 (3d Cir. 2000).

Accordingly, it is CONSIDERED and ORDERED that Defendant's motions requesting jail credit against his federal sentence (Doc. Nos. 54, 57) be and the same are hereby DENIED.

DONE this 27th day of October, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE